**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:10CR146 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RICHARD COSTANZO, | ) | |
| THERESA COSTANZO, | ) | |
| JANNA WASKO, and | ) | |
| MICHAEL WASKO, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motions to sever by defendants Michael Wasko and Janna Wasko (Filing Nos. 62 and 71) and the government's omnibus response (Filing No. 82).  The Waskos are charged with the Costanzos in a Superseding Indictment (Filing No. 31) with a conspiracy to conduct an interstate prostitution business (Count 1), a conspiracy to transport a minor across state lines to engage in sexual activity (Count 2), using an interstate commerce facility to carry on a prostitution business (Counts 3, 5 and 6), transporting individuals in interstate commerce for the purpose of prostitution (Count 4), and using interstate commerce facilities to entice a minor to travel for the purpose of sexual activity (Count 7), along with forfeiture allegations.  Richard Costanzo is charged alone with an additional two counts of money laundering (Counts 8 and 9).

Michael Wasko seeks a severance of his trial from that of Richard Costanzo (Filing No. 62).  Michael Wasko asserts he would prejudiced in a joint trial because he is only named in a few of the overt acts as compared with Richard Costanzo and Michael Wasko's defense may be mutually antagonistic.  Michael Wasko asserts the jury will be unable to compartmentalize the evidence as to each defendant and he will be prejudiced by the cumulative effect of the evidence regarding Richard Costanzo despite any limiting instructions.

Janna Wasko seeks a severance of her trial from that of Richard Costanzo and Theresa Costanzo (Filing No. 71).   Janna Wasko asserts only ten per cent of the factual allegations pertain to her and her defense will likely be mutually antagonistic with Richard

Costanzo and Theresa Costanzo.  Further Janna Wasko asserts she will be prejudiced by the cumulative effect of the evidence against other defendants and the jury would be unable to compartmentalize the evidence despite any limiting instruction.

### Analysis

Both Waskos seek an order severing their trial from that of other codefendants pursuant to Fed. R. Crim. P. 14(a), which provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Essentially, the Waskos argue their involvement, if any, was very minor compared to other codefendants.  As such, the Waskos argue the jury will be unable to compartmentalize the evidence against each of them in a joint trial with the other codefendants.

In *Zafiro v. United States*, 506 U.S. 534 (1993), the Supreme Court stated:

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant.  For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty.  When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. [Citation omitted.] Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice.  **See** *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476 (1968).  Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial.  **See, e.g.,** *Tifford v. Wainwright*, 588 F.2d 954 (5th Cir. 1979) (per curiam).  The risk of prejudice will vary with the facts in each case . . . .  When the risk of prejudice is high, a district court is more likely to determine that separate trials are

2

necessary, but, as we indicated in *Richardson v. Marsh*, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. **See** 481 U.S. at 211, 107 S. Ct. at 1709.

*Zafiro*, 506 U.S. at 539; **see also** *United States v. Pou*, 953 F.2d 363, 368 (8th Cir. 1992). There is a preference in the federal system for joint trials of defendants who are indicted together as joint trials play a vital role in the criminal justice system. *Zafiro*, 506 U.S. at 537. "The prerequisites for joinder are liberally construed in favor of joinder." *United States v. Rimell*, 21 F.3d 281, 288 (8th Cir. 1994). Joint trials promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987). The Eighth Circuit has held that "[r]arely, if ever, will it be improper for co-conspirators to be tried together." *United States v. Jackson*, 64 F.3d 1213, 1217 (8th Cir. 1995); **see** *United States v. Warfield*, 97 F.3d 1014, 1018 (8th Cir. 1996).

In *United States v. Lewis*, 557 F.3d 601 (8th Cir. 2009), the Eighth Circuit stated:

> When defendants are properly joined, "there is a strong presumption for their joint trial, as it 'gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'" *United States Flores*, 362 F.3d 1030, 1039 (8th Cir 2004) (**quoting** *United States v. Darden*, 70 F.3d 1507, 1528 (8th Cir. 1995)). This presumption can only be overcome if the prejudice is "severe or compelling." *United States v. Crumley*, 528 F.3d 1053, 1063 (8th Cir. 2008).

*Lewis*, 557 F.3d at 609. A defendant must show his or her defense is irreconcilable with a codefendant or the jury would be unable to compartmentalize the evidence. *United States v. Basile*, 109 F.3d 1304, 1310 (8th Cir. 1997).

The Eighth Circuit further expounded in *Lewis*:

> We have stated that "[t]he existence of antagonistic defenses does not require severance unless the defenses are actually irreconcilable." *United States v. Johnson*, 944 F.2d 396, 402 (8th Cir. 1991). "[A] defense is irreconcilable when the jury, to believe the core of one defense, must necessarily disbelieve the core of another." *Id.* at 403. Antagonistic defenses require severance "only when there is a danger that the jury will

3

unjustifiably infer that this conflict . . . alone demonstrates that both are guilty." *United States v. Ortiz*, 315 F.3d 873, 898 (8th Cir. 2002) (internal quotation marks omitted). "It is not sufficient that one defendant be taking the position that he knew nothing of the crime while asserting that his codefendant was involved." *United States v. Lynch*, 800 F.2d 765, 768 (8th Cir. 1986).

*Lewis*, 557 F.3d at 609-10. Furthermore, there is no requirement for severance when the quantum of evidence against each codefendant may be unequal, dissimilar, or less damaging. "The mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials, as a codefendant frequently attempts to 'point the finger,' or to save himself at the expense of the other." *United States v. Flores*, 362 F.3d 1030, 1039-40 (8th Cir. 2004); **see also** *United States v. Lynch*, 800 F.2d 765, 768 (8th Cir 1986). This is true even if the likelihood of acquittal is decreased. *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006).

The Waskos presented no evidence other than having the court take judicial notice of the pending Superceding Indictment. Further, there is nothing in the record other than the Waskos' speculation that their defenses may be mutually antagonistic to other defendants. Nothing presented by the moving defendants would make it unlikely that the jury could not compartmentalize the evidence against each defendant and determine the culpability of each defendant as to each count charged. Their motions to sever will be denied.

**IT IS ORDERED:**

1. Janna Wasko's motion to sever (Filing No. 71) is denied.
2. Michael Wasko's motion to sever (Filing No. 62) is denied.


**ADMONITION**

Pursuant to NECrimR 59.2 any objection of this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to

timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any objection shall be filed  at the time of filing such appeal.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 22nd day of July, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge