IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:10CR146 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RICHARD COSTANZO, | ) | |
| THERESA COSTANZO, | ) | |
| JANNA WASKO and | ) | |
| MICHAEL WASKO, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motions of Janna Wasko and Michael Wasko for a bill of particulars (Filing Nos. 66 and 64) as well as Janna Wasko's motion to compel discovery (Filing No. 66) and the government's omnibus response (Filing No. 82).

The Waskos are charged with the Costanzos in a Superseding Indictment (Filing No. 31) with a conspiracy to conduct an interstate prostitution business (Count 1), a conspiracy to transport a minor across state lines to engage in sexual activity (Count 2), using an interstate commerce facility to carry on a prostitution business (Counts 3, 5 and 6), transporting individuals in interstate commerce for the purpose of prostitution (Count 4), and using interstate commerce facilities to entice a minor to travel for the purpose of sexual activity (Count 7), along with forfeiture allegations.  Richard Costanzo is charged alone with an additional two counts of money laundering (Counts 8 and 9).

The court held a hearing on the motions on July 12, 2010.  A transcript (TR.) of the hearing was filed on August 10, 2010.  Filing No. 106.

**BILL OF PARTICULARS**

The fundamental purpose of a bill of particulars is to inform the defendant of the nature of the charges against him, to prevent or minimize the element of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite.  *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002); **see, e.g.**, *United States v. Wessels*, 12 F.3d 746, 751 (8th Cir. 1993); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir.

1987) (per curiam); *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986). The court has broad discretion in granting or denying a bill of particulars. *United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir. 1991). The court, in its discretion, may order the government to provide requested supplementary details where the indictment fails sufficiently to advise the defendant of the charges and to enable him to prepare a defense. **See, e.g.**, *Garrett*, 797 F.2d at 665; *United States v. Hill*, 589 F.2d 1344, 1351-52 (8th Cir. 1979). A bill of particulars, however, is not a proper tool for discovery. *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006). It is not to be utilized to provide itemized disclosure of the government's evidence at trial. *Wessels*, 12 F.3d at 750; **see also** *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985); *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982) ("Acquisition of evidentiary detail is not the function of the bill of particulars.").

In *United States v. Torres*, 901 F.2d 205 (2d Cir. 1990), the defendants, charged with conspiring to distribute and possess cocaine, filed a Motion for Bill of Particulars to obtain additional information concerning the identity of the co-conspirators and specific dates relating to the defendants and the alleged conspiracy. The district court denied the motion, and the Second Circuit determined the district court acted well within its discretion. Additionally, the Second Circuit noted:

> In denying the Motions for Bills of Particular by Cruz and other defendants, the district court characterized these efforts as "ill-disguised attempts at general pre-trial discovery," ***United States v. Torres***, No. S. 87 CR 593 (JMW), slip op. at 27, adding: "[t]he indictment adequately advises defendants of the specific acts of which they are accused. Moreover, the defendants have been provided with a wealth of evidentiary detail from the discovery to date, including electronic intercepts, search evidence, and exhaustive supporting affidavits.

*Torres,* 901 F.2d at 234. Similarly, in *United States v. Guerrerio*, 670 F. Supp. 1215 (S.D.N.Y. 1987), the court denied the defendants' petition for a bill of particulars stating "[t]he test is not whether the particulars sought would be useful to the defense. Rather, a more appropriate inquiry is whether the information in question is necessary to the defense." *Guerrerio*, 670 F. Supp. at 1224-25. Further, the court noted the "government is not obliged to disclose the precise manner in which the crimes alleged in the indictment

were committed." *Id.*  Additionally, in *United States v. Cole*, 707 F. Supp. 999 (N.D. Ill. 1989), the court, in denying defendant's motion for a bill of particulars in a prosecution for a drug distribution conspiracy, explained:

> In evaluating the need for a Bill of Particulars, the court must determine whether the indictment adequately sets forth the elements of the offense charged and sufficiently appraises the defendant of the charges to enable him to prepare for trial. Even if the indictment itself does not contain enough information to permit a defendant to prepare his defense, the government may obviate the need for a Bill of Particulars by disclosing additional details about the charges during discovery.

*Cole*, 707 F. Supp. at 1001. Further, other courts, when considering a defendant's request for a bill of particulars, have denied such a request where substantial discovery materials have been provided. **See** *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990); *United States v. Savides*, 661 F. Supp. 1024, 1028 (N.D. Ill. 1987), **aff'd sub nom.** *United States v. Pace*, 898 F.2d 1218 (7th Cir. 1990); *United States v. Diaz*, 675 F. Supp. 1382, 1390 (E.D.N.Y. 1987), **aff'd**, 878 F.2d 608 (2d Cir. 1989); *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.), **modified on other grounds**, 801 F.2d 378 (11th Cir. 1986). Thus a bill of particulars should not issue where the specifics requested by the defendant are readily available elsewhere. *Bortnovsky*, 820 F.2d at 574.

The court finds the Superseding Indictment informs the defendants of the nature of the charges against them, it prevents or minimizes the element of surprise at trial, and enables them to plead an acquittal or conviction in bar of another prosecution for the same offense. The court finds the motions for a bill of particulars will be denied.

## DISCOVERY

Janna Wasko seeks to compel various discovery from the government. The government responded that it has provided all discovery required by Fed. R. Crim. P. 16 with the exception of two search warrants and affidavits. The government requests redaction of various names in the search warrant affidavits and has submitted them *in camera* to the court for consideration. The government has also provided the court with cover letters to counsel setting forth the discovery already provided, i.e., letters to counsel dated as follows: Counsel for Janna Wasko - May 25, 2010, June 11, 2010; Counsel for

Michael Wasko - May 25, 2010; Counsel for Theresa Costanzo - June 16, 2010, May 25, 2010; Counsel for Richard Costanzo - May 3, 2010, May 7, 2010, May 11, 2010, May 18, 2010. The government's counsel has offered to make the physical evidence available to counsel for inspection (TR. 7).

The court has examined the two affidavits for which the government seeks redaction of various names in the affidavits.[1] The court finds the proposed redactions appropriate. Accordingly, the government will provide counsel for the defendants a copy of the redacted search warrants and affidavits within five business days of this order.

The court finds the government has provided and understands its obligation for continuing disclosure pursuant to Fed. R. Crim. P. 16 and 16(c). The motion to otherwise compel disclosure will be denied.

**IT IS ORDERED:**

1. Janna Wasko's motion for a bill of particulars and to compel disclosure (Filing No. 66) is denied.

2. Michael Wasko's motion for a bill of particulars (Filing No. 64) is denied.

3. The government's counsel shall provide to counsel for each defendant a redacted copy of the two search warrants along with the accompanying affidavits within five business days of this order.

**ADMONITION**

Pursuant to NECrimR 59.2 any appeal of this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 3rd day of September, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

[1] The government's transmittal letter, copies of letters to defense counsel, and the two search warrants and affidavits (redacted and unredacted) are marked as a court exhibit to the July 12, 2010, hearing (Filing Nos. 84-87) and are filed under seal with the Clerk of the Court.