IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **8:10CR146** |
| Plaintiff, | **AND** |
| | **8:10CR425** |
| vs. | |
| RICHARD COSTANZO, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the court on the defendant Richard Costanzo's Motion/Amended Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (hereafter, "§ 2255 motion"). § 2255 Motion, 8:10CR146 ("146") Filing Nos. 334 & 340-3; 8:10CR425 ("425") Filing Nos. 73 & 78-3. Costanzo also filed an objection to his defense attorney's affidavit in support of the government's answer to the § 2255 motion. Objection to Affidavit, 146 Filing No. 354; 425 Filing No. 95. Additionally, the defendant filed two separate motions for status. Motions for Status, 146 Filing Nos. 345 & 356; 425 Filing Nos. 83 & 97.[1]

## I.    Facts & Procedural History

Costanzo acted as President of an escort business, which operated and advertised in both Nebraska and Iowa. Superseding Indictment, 146 Filing No. 31 at 3-4. The defendant's business arranged for the transportation of the escorts across the state line for their "shows." *Id.* at 5-6. Although contracts signed by escorts prohibited them from engaging in illegal activity, evidence presented to this court demonstrated the defendant knew or should have known escorts frequently agreed to engage in

---

[1] This order does not address the defendant's unrelated motions for return of property. Motions for Return of Property, 146 Filing No. 324; 146 Filing No. 322; 425 Filing No. 66; 425 Filing No. 64.

prostitution with clients.  *Id.* at 6-7; *See* Sentencing Memorandum, 146 Filing No. 275; 425 Filing No. 56.

The superseding indictment at docket number 146 contained one count of conspiracy to use facilities of interstate commerce to promote prostitution, two counts of using a facility of interstate commerce to promote prostitution, two counts of transportation with intent to promote prostitution, two counts of enticing a minor to travel with intent to engage in prostitution, and two counts of money laundering.  146 Filing No. 31.  The indictment at 425 charged the defendant with one count of witness tampering.  Indictment, 425 Filing No. 1.

The defendant pleaded guilty to Counts I, III, IV, V, VI, VIII, and IX of the Superseding Indictment at docket number 146, and to Count I at 425.  Plea Hearing, 146 Filing No. 191; 425 Filing No. 37.  As per the plea agreement, the government dismissed Counts II and VII, which charged the defendant with using an instrumentality of interstate commerce to promote the prostitution of a minor, and transportation with the intent to promote prostitution of a minor respectively.  Plea Agreement, 146 Filing No. 194 at 2; 425 Filing No. 40 at 2; 146 Filing No. 31 at 10-11, 15.

The plea agreement provided for evidentiary hearings to determine whether any escorts, particularly Latressa Bivens, had engaged in prostitution while a minor.  146 Filing No. 194 at 7; 425 Filing No. 40 at 7.  The parties presented arguments at two days of evidentiary hearings, and offered a number of exhibits and witnesses. Evidentiary Hearings, 146 Filing No. 235; 146 Filing No. 236; 425 Filing No. 48; 425 Filing No. 49.  The parties presented several exhibits, including employment contracts, DVDs, photos, website printouts, Bivens's grand jury testimony, and an affidavit from

2

Bivens.[2]  Exhibit List for Evidentiary Hearings, 146 Filing No. 290; 425 Filing No. 59. The court heard the testimony of Bivens, a few other escorts and employees of the defendant (including Jennah Harris), an IRS agent, and an expert witness who examined a photograph of Bivens.

The court found only one minor, Bivens, had engaged in prostitution while employed by the defendant.  Sentencing Memorandum, 146 Filing No. 275; 425 Filing No. 56.  Based on this determination and the specifications of the plea agreement, the court calculated Costanzo's guideline sentencing range at 151-188 months.[3] Sentencing Hearing Transcript, 146 Filing No. 342 at 5; 425 Filing No. 80 at 5.  The court sentenced Costanzo to a total of 96 months of imprisonment, followed by three years of supervised release with special conditions (defendant is serving the sentences for each count concurrently).  Judgment, 146 Filing No. 276; 425 Filing No. 57.

In his § 2255 motion, Costanzo makes numerous claims of ineffective assistance of counsel by his attorney, James Martin Davis.  146 Filing Nos. 334 & 340-3,  425 Filing Nos. 73 & 78-3).  The defendant's allegations fall into three basic categories: (1) involuntary guilty plea, (2) ineffective assistance of counsel at each phase of the proceedings, and (3) counsel failed to file a timely notice of appeal.  *Id.*  The court finds all the defendant's claims are without merit.  The defendant's objection to Davis's

---

[2] In front of the grand jury, Bivens testified she first engaged in prostitution as the defendant's employee when she was still 17 years old.  She later recanted her testimony and filed an affidavit averring that she was 18.

[3] The defendant started with a base offense level of 24 for violation of 18 U.S.C. § 2421, plus two under United States Sentencing Commission, Guidelines Manual, §2G1.3(b)(3)(A) for the use of a computer, plus two under U.S.S.G. §2G1.3(b)(4)(B) for commercial sex, plus four under U.S.S.G. §3B1.1(a) because the defendant was an organizer or leader, plus two under U.S.S.G. §3C1.1 for obstruction of justice under the witness tampering charge.  The defendant also received a two-level increase under U.S.S.G. §2G1.3(b)(2)(B) for unduly influencing a minor to engage in prostitution.  As discussed below, the defendant believes this enhancement (which he calls "enticement" in his motion) was incorrectly applied.  *See infra* Part III.C.  The court reduced the defendant's offense level by two for acceptance of responsibility.  (24 + 2 + 2 + 4 + 2 + 2 - 2 = 34).

affidavit only reiterates the grounds for the § 2255 motion.  The court overrules his objection.  The court will address each claim below.

## II.    Law: Two-Prong *Strickland* Analysis for Ineffective Assistance of Counsel

Under 28 U.S.C. § 2255, a federal prisoner is entitled to "relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C.A. § 2255(a)).  A movant may raise ineffective assistance of counsel issues in collateral proceedings.  *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003).  "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986).  Under the Fifth and Sixth Amendments, the right to assistance of counsel extends to both trial and the to a defendant's first appeal of right.  *See Gideon v. Wainwright*, 372 U.S. 335, 344 (1963) (stating the right to counsel is fundamental at the trial level); *Evitts v. Lucey*, 469 U.S. 387, 392-93 (1985) (discussing the fundamental right to effective assistance of counsel on a criminal defendant's first appeal as of right).

The right to counsel includes the right to reasonably effective counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)).  In order to make out a claim of ineffective assistance, a petitioner must satisfy the familiar two-part *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had

performed competently (prejudice).'" *King*, 595 F.3d at 852 (quoting *Alaniz v. United States*, 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. April 1, 2010) (quoting *Strickland*, 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place." *Id.* at 906 (citing *Bobby v. Van Hook*, 558 U.S. 4, 6, 130 S. Ct. 13, 16 (2009) (per curiam)). The court must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. The reasonableness of counsel's challenged conduct depends upon the facts of the particular case, viewed as of the time of counsel's conduct. *King*, 595 F.3d at 852.

Under *Strickland*, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. The Eighth Circuit has "consistently held that a reasoned decision not to call a witness 'is a virtually unchallengeable decision of trial strategy,' in part because 'there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences.'" *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010) (quoting *United States v. Staples*, 410 F.3d 484, 488-89 (8th Cir. 2005)). In addition, failure to raise an argument that "may have had merit, [but] was a wholly novel claim at the time" does not render counsel's performance deficient. *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005); *Alaniz*, 351 F.3d at 368 (finding deficient performance in failure to raise improper aggregation of drug quantity at sentencing and on appeal because question

5

was settled in other circuits).  "An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance [of counsel]."  *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) (citations omitted).  However, "[a] bare assertion . . . that [the defendant] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary position."  *Id.* (citations omitted).

To establish prejudice under *Strickland,* a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different."  *Christenson v. Ault*, 598 F.3d 990, 998 (8th Cir. 2010).  In the sentencing context, prejudice exists when the movant shows that, had counsel presented another argument, the defendant likely would have received a much shorter sentence.  *King,* 595 F.3d at 852-53.  "An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of Strickland."  *Alaniz*, 351 F.3d at 368; *see also United States v. Spigner*, 416 F.3d 708, 711 (8th Cir. 2005); *King,* 595 F.3d at 853-54.  A movant is entitled to relief under § 2255 if an error by appellate counsel costs a defendant the opportunity to present a meritorious argument on direct appeal.  *King,* 595 F.3d at 853 (involving plain error in the dismissal of a direct appeal on the basis of an unenforceable appeal waiver).  If the defendant alleges counsel failed to file a notice of appeal when requested, however, a showing of actual prejudice is not necessary.  *Barger*, 204 F.3d at 1182 (stating the likely success on appeal is irrelevant).

### III.      Discussion: No Deficient Performance or Prejudice

### A.      Defendant voluntarily pleaded guilty.

In his § 2255 motion, Costanzo claims he did not voluntarily plead guilty.  The record contradicts each of the bases for this claim.  Affidavit and Attachments, 425 Filing No. 92-1 (containing correspondence between Davis and Costanzo regarding plea negotiations); Plea Hearing Transcript, 146 Filing No. 341; 425 Filing No. 79 (stating he understood the statutory sentencing scheme, he had discussed the guidelines with Davis, he had answered the plea petition questions with his attorney, and nobody had coerced his plea).  The court adopts and finds credible the government and Davis's version of events.

First, Costanzo claims Davis made false promises and threats in order to induce a guilty plea.  146 Filing No. 340-3 at 5-7; 425 Filing No. 78-3 at 5-7.  However, as part of the standard change of plea colloquy, the court asked the defendant if anybody promised him anything in order to induce his plea.[4]  146 Filing No. 341 at 26-27; 425 Filing No. 79 at 26-27.  The defendant answered that nobody had.  *Id.*  Davis denies ever having made the alleged threats or promises to the defendant.[5]  425 Filing No. 92-

---

[4] Costanzo argues that the court should reject the plea colloquy because it is rebuttable in the face of evidence of coercion.  146 Filing No. 340-3 at 9-11; 425 Filing No. 78-3 at 9-11.  *Sanders v. United States* does recognize a challenge to the movant's plea colloquy on the basis of facts outside the record may warrant an evidentiary hearing.  *Sanders v. United States,* 373 U.S. 1, 19-20 (1963).  However, the court does not find that Costanzo has overcome the "imposing" barrier of proving his plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment."  *Blackledge v. Allison,* 431 U.S. 63, 74-75 (1977).  Facts in the record establish Davis's commitment to the plea agreement negotiation process, and his efforts to inform the defendant and to obtain his input and consent.  425 Filing No. 92-1 (attachments to affidavit of correspondence between Davis, the government attorney, and Costanzo regarding negotiations and potential outcomes).  The court finds Davis's version of events more credible considering the numerous mischaracterizations and misrepresentations contained in the defendant's response brief.  Response to Government's Answer to Amended § 2255 Motion, 146 Filing No. 355 at 2 n. 1, 3, 4, 5, 6, 7, 12, 15, 18, 23, 24.

[5] The defendant posits "the government concedes that promises outside the the [sic] record were made . . ."  146 Filing No. 355 at 6; 425 Filing No. 96 at 6.  This completely misrepresents what the government actually wrote.  *See* Brief in Support of Answer to § 2255 Motion, 425 Filing No. 91 at 15 ("Defense counsel explains that while he made no promises or representations to the Defendant about

1 at 8.  The record shows Davis did not threaten or make promises to the defendant in order to induce a guilty plea.

Second, the defendant alleges Davis failed to thoroughly explain the sentencing consequences of the plea.  146 Filing No. 340-3 at 7-8; 425 Filing No. 78-3 at 7-8. Specifically, the defendant claims his attorney did not explain the potential length of sentence, or the supervised release condition of registration as a sex offender.  *Id.* Davis denies this claim as well.  425 Filing No. 92-1 at 2-4.

The attachments to the affidavit show correspondence between the defendant and Davis, containing extensive discussion of the plea negotiation process and potential sentences.[6]  *Id.* at 18-36.  At the plea hearing, the defendant stated he understood the possible sentence he faced and that he had discussed it with his attorney.  146 Filing No. 341 at 17-18; 425 Filing No. 79 at 17-18.

Additionally, Davis avers he and the defendant frequently discussed the guidelines and enhancements.  425 Filing No. 92-1 at 2.  The United States Probation Officer discussed the applicability of SORNA in the sentencing recommendations.[7]

---

the forfeiture, Defendant did, in fact, receive a lesser sentence for agreeing to the forfeiture." (emphasis added)).

[6] The defendant points to the changing sentence estimates in these letters to prove Davis was calculating the sentence incorrectly and generally not properly informing him.  146 Filing No. 355 at 6-7; 425 Filing No. 96 at 6-7.  In fact, the parties sent these letters during the negotiation process.  *See* 425 Filing No. 92-1 at 18-36.  Davis thoroughly explained the consequences of each plea agreement offer, which necessarily changed with each new proposal.  *E.g., id.* at 9.  Davis even specifically requested input from the defendant on new offers after describing the sentencing possibilities for each.

[7] The defendant claims he pleaded unknowingly because these materials were only entered after the plea hearing.  146 Filing No. 355 at 8-9; 425 Filing No. 96 at 8-9.  The court notes Davis's statement that SORNA "was one of the defendant's major concerns when he first hired me."  425 Filing No. 92-1 at 13.  The defendant must have had numerous conversations with his attorney regarding registration requirements.  Additionally, even if counsel had not fully informed the defendant prior to the plea hearing, upon receipt of the Sentencing Recommendations the defendant could have objected to the application of SORNA (as he, through counsel, objected to many provisions of the PSR), or even filed a motion to withdraw his plea.  *See* Defendant Objections to PSR, 146 Filing No. 211; 146 Filing No. 215; 425 Filing No. 41; 425 Filing No. 42.  The letter attached to Costanzo's response brief as Exhibit A contains no date and no verifying documentation; therefore it does not convince the court of the defendant's alleged ignorance of SORNA.  146 Filing No. 355 at 27-28; 425 Filing No. 96 at 27-28.

Sentencing Recommendations, 146 Filing No. 253 at 6; 425 Filing No. 55 at 6. Costanzo stated under oath that he had reviewed these documents.   Sentencing Hearing Transcript, 146 Filing No. 342 at 4; 425 Filing No. 80 at 4.

Furthermore, even if Davis misrepresented the length of the sentence to the defendant or caused some confusion, it "is insufficient to render a plea involuntary as long as the Court informed the defendant of his maximum possible sentence." *United States v. Granados*, 168 F.3d 343, 345 (8th Cir. 1999) (citations omitted).   The court clearly informed the defendant of the applicable sentencing statutes and guidelines, and the defendant indicated he understood them.  146 Filing No. 341; 425 Filing No. 79.

Finally, the defendant claims Davis instructed him to sign a blank change of plea petition that Davis filled out later.   146 Filing No. 340-3 at 8; 425 Filing No. 78-3 at 8. Costanzo's statements under oath at the change of plea hearing contradict this allegation.  146 Filing No. 341 at 23; 425 Filing No. 79 at 23.

The defendant fails to show with any probability that his plea was involuntary. Considering the facts in the record, Costanzo's credibility issues, and the plea colloquy, the court finds no deficient performance by Davis.[8]  This ground for relief lacks merit.

## B.     No deficient performance or prejudice at discovery phase.

In his § 2255 motion, Costanzo claims his attorney failed to investigate his case thoroughly.   146 Filing No. 340-3; 425 Filing No. 78-3.   Specifically, the defendant argues Davis did not interview certain witnesses, he did not seek an expert witness for

---

[8] *See supra* note 4 (discussing Costanzo's credibility).

the defense, and he failed to object to alleged prosecutorial *Brady* violations.[9]  *Id.*  As

discussed below, the record contradicts these claims for relief.

*1.     Witnesses.*

The defendant argues Davis should have interviewed and sought testimony from

several witnesses:  (1) Amber Barry regarding Bivens's age when she began engaging

in prostitution, (2) Davis's paralegal Tom Gleason regarding Bivens's date of birth, (3)

an auto dealership to verify Bivens's date of birth, and (4) the Nebraska Department of

Motor Vehicles to verify Bivens's date of birth.  146 Filing No. 340-3 at 15; 425 Filing

No. 78-3 at 15.

The defendant fails to demonstrate how Davis performed deficiently by not

calling these witnesses.  Under *Strickland*, "a reasoned decision not to call a witness 'is

a virtually unchallengeable decision of trial strategy.'"  *Rodela-Aguilar*, 596 F.3d at 464

(citations omitted).  As the government stated in its brief, the parties did not dispute

Bivens's date of birth; they only questioned when Bivens first engaged in prostitution.[10]

Brief in Support of Answer to § 2255 Motion, 425 Filing No. 91 at 19.  There existed no

reason for Davis to interview these witnesses, and he did not perform deficiently for his

failure to do so.

Furthermore, Costanzo has not proven any prejudice traceable to the absence of

these witnesses.  As discussed, testimony concerning Bivens's date of birth would not

---

[9] The defendant makes additional claims as well.  First, he alleges Davis was not present for appointments to go over discovery materials, but sent staff instead.  146 Filing No. 340-3 at 13; 425 Filing No. 78-3 at 13.  The court finds no deficient performance where counsel sends a team of investigative professionals to review discovery.  Second, Costanzo argues Davis performed deficiently by failing to defend against the witness tampering charge.  *Id.* at 21.  As Davis points out, he believed the charge could be defended against, but had no reason to do so once Costanzo had pleaded guilty.  425 Filing No. 92-1 at 12.  Although Davis might have defended against the charge, the court found sufficient factual basis to support the plea.  146 Filing No. 341 at 32, 38-39; 425 Filing No. 79 at 32, 38-39.

[10] In fact, notes from the evidentiary hearings indicate Bivens turned 18 on December 2, 2006, matching Costanzo's assertion that her date of birth is December 2, 1988.  *See* Response to Government's Answer, 146 Filing No. 355 at 10; 425 Filing No. 96 at 10.

have had any effect on the proceedings.  Furthermore, the court based its determination that Bivens was a minor on several bases established during evidentiary hearings.  The court cited Harris's testimony, a photograph of Bivens, and employment contracts of Bivens and other escorts as evidence for its finding.[11]  Memorandum and Order on Defendant Objections to PSR, 146 Filing No. 248.  In the face of this evidence and the court's criticism of Bivens's testimony at the evidentiary hearings, Costanzo fails to show a reasonable probability that Amber Barry's testimony would have changed the outcome.

*2.    Expert testimony.*

The defendant claims Davis should have sought testimony to counter the government's expert witness.  146 Filing No. 340-3 at 19; 425 Filing No. 78-3 at 19.  Again, Costanzo fails to demonstrate ineffective assistance of counsel under the *Strickland* analysis.  Even if a reasoned strategy would have called for expert testimony, the defendant has not shown any prejudice.  Costanzo states, "[h]ad counsel either familiarized himself with the science of the expert's testimony, or provided a defense expert to challenge the government's expert, the outcome would have been different." *Id.* at 20.  This conclusion lacks factual support to show that an expert for the defense would have actually found error in the government expert's analysis.

*3.    Alleged suppressed evidence.*

Costanzo claims Davis failed to object to alleged suppression of evidence by the prosecution.  146 Filing No. 340-3 at 47; 425 Filing No. 78-3 at 47.  The defendant claims the prosecution suppressed employment contracts, witnesses (Harris and Katie

---

[11] The parties could not locate a copy of Bivens's contract, or the one she signed under her older sister's name.  Motion to Transport Defendant for Document Review, 146 Filing No. 141 at 3.  However, Bivens testified she signed a contract before her 18th birthday, which the parties did not dispute.  146 Filing No. 248 at 2.  Costanzo fails to prove prejudice in the absence of Bivens's contract.

Halpenny), and a record of Crystal Barry's interview with Council Bluffs police from 2009. *Id.* at 48-50. The defendant has not shown deficient performance or prejudice.

The government produced a CD and a printed version of all the contracts it recovered during its investigation. 146 Filing No. 290; 425 Filing No. 59. The government provided these contracts during discovery and during evidentiary hearings. *Id.*; Motion to Transport Defendant for Document Review, 146 Filing No. 141 at 3. Davis filed a motion for further discovery, alleging the government did not provide all the existing contracts. 146 Filing No. 141 at 3. The court granted this motion. Order Granting Motion 141, 146 Filing No. 144. Davis performed effectively by pursuing this issue with the court. *See supra* note 11 for further discussion.

The defendant argues Harris and Halpenny could have testified for the defendant on the witness tampering charge. 146 Filing No. 340-3 at 48; 425 Filing No. 78-3 at 48. Costanzo has not demonstrated the government actually suppressed these witnesses, or that their testimony would have changed the outcome of the proceedings. First, the defendant pleaded guilty to the count of witness tampering, and therefore Davis was not required to seek evidence of his innocence. *See* supra note 9. Second, the record indicates Davis would have known about these two potential witnesses. Witness List, 425 Filing No. 14 (listing Halpenny as a witness for the defendant at his bond hearing); Exhibit List, 425 Filing No. 13 (listing FBI report of an interview with Harris as an exhibit at the bond hearing). Harris even testified at evidentiary hearings. Evidentiary Hearings, 146 Filing Nos. 235 & 236; 425 Filing Nos. 48 & 49. The government could not have suppressed witnesses whom defense counsel knew about. *United States v. Walrath*, 324 F.3d 966, 969 (8th Cir. 2003) (citations omitted) ("A defendant fails to

show the prosecution suppressed evidence when the defendant was aware of and had access to the evidence.").

The defendant claims Barry's interview with Council Bluffs police from 2009 would prove no minors were working for him.  146 Filing No. 340-3 at 50; 425 Filing No. 78-3 at 50.  Even if Barry did make this statement in her interview, it would not prove whether there were minors working for the defendant in 2006 (before Bivens turned 18). Furthermore, Bivens testified she was a minor when she began working for Costanzo. 146 Filing No. 248 at 2.  The defendant has not shown with reasonable probability that the Barry interview would have changed the result of the proceedings.

**C.    No deficient performance or prejudice at sentencing phase.**

Costanzo alleges Davis failed to properly object to various sentencing errors: (1) base level of 24 under U.S.S.G. §2G1.3(a)(4), (2) §2G1.3(b)(2)(B) two-level increase for unduly influencing a minor, (3) §2G1.3(b)(3)(A) two-level increase for use of a computer to entice or facilitate travel with intent to promote prostitution, (4) §2G1.3(b)(4)(B) two-level increase for a commercial sex act, and (5) §3C1.1 two-level increase for obstruction of justice.  146 Filing No. 340-3 at 27-30; 425 Filing No. 78-3 at 27-30.  The defendant also argues error in the application of the conditions of supervised release: (1) alcohol and substance abuse related conditions, (2) domestic violence related conditions, (3) mental health related conditions, and (4) the applicability of SORNA.  *Id.* at 29-39.

The defendant fails to prove deficient performance.  Davis filed two objections to the presentence investigation report, disputing many of the issues the defendant raises

now.[12]  Defendant Objections to PSR, 146 Filings No. 211 & 215; 425 Filing Nos. 41 & 42.  The court sustained these objections in part so far as the report calculated enhancements based on multiple minors.  Memorandum and Order Sustaining in Part Objections to PSR, 146 Filing No. 248.  Davis made reasonable efforts to mitigate the sentencing calculations and recommendations as instructed by the defendant.

The defendant has also failed to demonstrate prejudice in his sentencing.  As discussed below, the court correctly applied each of the enhancements and conditions the defendant now disputes.

1.    *Base offense level of 24.*

Costanzo argues his base level should have been calculated under U.S.S.G. §2G1.1(a)(2).  *Id.* at 28.  An application of this section would result in a base offense level of 14, as opposed to 24.  *Compare* U.S.S.G. §2G1.1(a)(2), *with* U.S.S.G. §2G1.3(a)(4).  The United States Probation Officer correctly calculated Costanzo's base level.  Under U.S.S.G. §2X1.1(a), base offense levels for conspiracy should be calculated using guidelines for the underlying substantive charge.

The underlying charge in this case, transportation with intent to promote prostitution under 18 U.S.C. § 2421, is calculated using U.S.S.G. §§ 2G1.1 and 2G1.3.  By default, a base offense level of 14 applies to 18 U.S.C. § 2421 violations under U.S.S.G. §2G1.1.  However, the guidelines commentary states that § 2421 violations fall under U.S.S.G. §2G1.1 "only if the offense involved a victim other than a minor."  Although the government dropped charges for conspiracy to transport a minor and

_____

[12] The defendant refined this claim in his response to the government's answer.  146 Filing No. 355; 425 Filing No. 96.  He argues that although Davis raised objections, he failed to do so skillfully.  *Id.* at 14.  First, the defendant's claim that Davis did not cite guidelines or case law is factually incorrect.  *E.g.,* 146 Filing No. 215 at 6; 425 Filing No. 42 at 6.  Second, an unsuccessful strategy does not constitute deficient performance under *Strickland*, so long as it was reasonable at the time.

enticing a minor to travel with intent to engage in prostitution, the court still determined a minor victim was involved.  Therefore, U.S.S.G. §2G1.3 correctly applied.

2.    *U.S.S.G. §2G1.3(b)(2)(B).*

Costanzo argues this section should not apply because the court determined there was "no evidence that [the defendant] targeted, enticed or coerced [Bivens] to engage in prostitution."  146 Filing No. 340-3 at 28; 425 Filing No. 78-3 at 28 (quoting 146 Filing No. 275 at 15; 425 Filing No. 56 at 15).  U.S.S.G. §2G1.3(b)(2)(B) applies when the defendant "unduly influenced a minor to engage in prohibited sexual conduct."  The commentary to this section instructs courts to presume the defendant unduly influenced the minor when the age difference between them exceeds ten years – as was the case here.  U.S.S.G. §2G1.3(b)(2)(B), comment (n. 3(B)).  While there may not have been evidence of overt influence, the record did not contain any evidence to rebut the presumption of influence.  The court correctly applied a two-level enhancement for undue influence of a minor.

3.    *U.S.S.G. §2G1.3(b)(3)(A).*

The defendant argues the court misapplied this section because he did not use computers to entice Bivens to engage in prostitution.  146 Filing No. 340-3 at 29; 425 Filing No. 78-3 at 29.  Costanzo relies on the argument he made against the application of §2G1.3(b)(2)(B) above.  *Id.*  As demonstrated above, under the guidelines the age difference between Costanzo and Bivens indicates undue influence.

4.    *U.S.S.G. §2G1.3(b)(4)(B).*

As discussed above, §2G1.3(a)(4) properly applied to Costanzo for a base offense level of 24.  The underlying crime (violation of 18 U.S.C. § 2421) involved a

commercial sex act.   Therefore, under U.S.S.G. §2G1.3(b)(4)(B), a two-level enhancement applies to the defendant's offense level.

5.    *U.S.S.G. §3C1.1.*

U.S.S.G. §3C1.1 applies whenever the defendant has engaged in witness tampering "with respect to the investigation, prosecution, or sentencing of the instant offense of conviction."   U.S.S.G. §3C1.1; U.S.S.G. §3C1.1, comment (n. 4(A)).   The defendant pleaded guilty to witness tampering.   146 Filing No. 191; 425 Filing No. 37. Davis did not perform deficiently with respect to this charge.   *See supra* note 9. Therefore the court correctly increased the defendant's offense level by two under this section.

6.    *Application of SORNA.*

The court properly ordered compliance with SORNA as a special condition of Costanzo's supervised release.[13]   The defendant argues he never engaged in conduct that would justify sex offender registration.   146 Filing No. 340-3 at 38; 425 Filing No. 78-3 at 38.   However, violation of 18 U.S.C. § 2421 clearly classifies the defendant as a sex offender.   42 U.S.C. § 16911(5)(A) (defining sex offense as including offenses under Title 18 Chapter 117 of the United States Code).

7.    *Special conditions of supervised release other than SORNA.*

The defendant claims various conditions of his supervised release should not apply because they do not relate to his crime or personal history.   146 Filing No. 340-3 at 34-36; 425 Filing No. 78-3 at 34-36.   However, these conditions suit the defendant's personal history and needs.   The record reveals a criminal history including domestic

---

[13] The defendant claims the court and his attorney failed to inform him of the applicability of SORNA.  See Part III.A for a discussion.

16

violence, and Costanzo's disclosure of his struggles with alcoholism and mental illness. 146 Filing No. 253 at 3; 425 Filing No. 55 at 3; 146 Filing No. 252 at 40-41, 45; 425 Filing No. 54 at 40-41, 45.

**D.    No deficient performance or prejudice at appellate phase.**

Costanzo claims his attorney gave him "inadequate advice concerning whether to appeal."   146 Filing No. 340-3 at 43; 425 Filing No. 78-3 at 43.   The defendant describes a conversation in which he asked Davis about an appeal and Davis explained why he thought it was not a good idea.   *Id.* at 43-45.   Costanzo states he "based his decision . . . not to appeal" on this advice.   *Id.* at 45.   Davis describes a very similar sequence of events.  425 Filing No. 92-1 at 9-10.

The defendant fails to allege facts which would establish deficient performance under the *Strickland* test.   Counsel must inform their client of the right to appeal if one could reasonably believe the client has an interest in appealing.   *Roe v. Flores-Ortega,* *528 U.S. 470, 471 (2000).*   Under *Strickland,* the content of this consultation only needs to be reasonable under all of the circumstances, and strategy choices are virtually unchallengeable.   *Strickland*, 466 U.S. at 688, 690.   Davis offered a reasonable professional opinion considering the substantial downward departure granted by the court.   The defendant does not claim he requested an appeal after hearing Davis's opinion.  Without an express request, the defendant cannot prove ineffective assistance of counsel.  *Barger*, 204 F.3d at 1182.

THEREFORE, IT IS ORDERED

1.      The court denies the defendant's § 2255 motion/amended motion (146 Filing Nos. 334 & 340-3,  425 Filing Nos. 73 & 78-3).

2.      The court overrules the defendant's objection to Davis's affidavit (146 Filing No. 354 ; 425 Filing No. 95).

3.      The court denies as moot the defendant's motions for status (425 Filing Nos. 83 & 97; 146 Filing Nos. 345 & 356).

4.      A separate judgment will be entered in conjunction with this Memorandum and Order.

Dated this 23rd day of July, 2013.

BY THE COURT:


s/ Joseph F. Bataillon
United States District Judge